UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | 2:10-cr-17-JMS-CMM |
| | ) | |
| | ) | |
| JESUS URIBE, | ) | |
|     *Defendant*. | ) | |

## ORDER DENYING GOVERNMENT'S MOTION TO RECONSIDER

Presently pending before the Court is the Government's Motion to Reconsider the Court's Ruling Granting Defendant's Motion to Suppress. [Dkt. 43.] For the following reasons, the Court denies the Government's motion and its belated request for a hearing.

### I.
### STANDARD OF REVIEW

The Federal Rules of Criminal Procedure do not expressly allow or disallow motions to reconsider; therefore, federal courts generally entertain them as a matter of common law. *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010); *Indiana v. Helman*, 2008 U.S. Dist. LEXIS 48318 (N.D. Ind. 2008). Motions to reconsider in criminal cases are "treated just like motions in civil cases." *Rollins*, 607 F.3d at 502.

A motion to reconsider should not be viewed as a second opportunity for the losing party to make its strongest case or to dress up arguments that previously failed. *Helman*, 2008 U.S. Dist LEXIS 48318 at *4. "Motion practice is not an exercise in trial and error or maybe-maybe not where a party can reserve arguments to present later if earlier ones fail." *Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485 *7 (S.D. Ind. 2009). To the same effect, a motion to reconsider is not an opportunity to relitigate motions or present arguments, issues, or

facts that could and should have been presented earlier. *See id.* Subsequent motions should not allow a "second bite at the apple." *Id.* at *8.

Instead, a motion to reconsider is appropriate where the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

## II.
### BACKGROUND

The pertinent underlying facts are detailed in this Court's Order granting Mr. Uribe's Motion to Suppress. [Dkt. 42.] In relevant part, Deputy Simmons was driving eastbound on Interstate 70 on July 14, 2010 when he performed an arbitrary registration inquiry on the blue vehicle he was following, which was driven by Mr. Uribe and contained Utah license plate number A831GA. The inquiry return listed the vehicle as white. Deputy Simmons pulled over the blue vehicle to "check for registration compliance." [Dkt. 37-1 at 1.] He subsequently discovered heroin inside the car.

There is no evidence or contention that Mr. Uribe committed any traffic violation before Deputy Simmons stopped his vehicle. Nor is there any evidence that Deputy Simmons' registration inquiry revealed that the vehicle he was following was stolen. Instead, the color discrepancy was the sole reason Deputy Simmons listed for initiating the traffic stop.

Mr. Uribe filed a Motion to Suppress, challenging the legality of the initial stop. The Government opposed Mr. Uribe's motion. Neither the Government nor Mr. Uribe requested a hearing on Mr. Uribe's motion.

The Court ultimately granted the motion to suppress, finding that Mr. Uribe had standing to challenge his seizure[1] and that the discrepancy between the color of the car Mr. Uribe was driving and the color of the car listed on the registration inquiry alone did not create probable cause or reasonable suspicion to justify a traffic stop. Among other things, the Court noted that the only law the Government cited to support its argument—Indiana Code § 9-18-2-27(a)(1)— only applies to Indiana residents, which Mr. Uribe is not. Even if the statute did apply, Indiana does not require an applicant for vehicle registration to list the color of the vehicle the applicant intends to register. Likewise, the Government made no argument that any law in Utah or Indiana requires a registrant to update his registration if the color of the car changes. Because Deputy Simmons did not have probable cause or reasonable suspicion when he stopped Mr. Uribe's vehicle, and the Government did not argue that an exception to the exclusionary rule applied, the Court ordered the evidence found in the search to be suppressed. The Government now asks the Court to reconsider its decision.

### III.
#### DECISION

**A. Government's Request for a Hearing**

The Government did not request a hearing in response to Mr. Uribe's Motion to Suppress. In its Motion to Reconsider, however, the Government requests a hearing "to permit the Court to weigh the testimony of Deputy Simmons on the issues of probable cause or reasonable suspicion supporting the traffic stop, in particular the color mismatch issue." [Dkt. 43 at 3.]

---

[1] The Government does not ask the Court to reconsider this finding.

The Court has discretion to deny a request for an evidentiary hearing. *United States v. Greve*, 490 F.3d at 572 (7th Cir. 2007). Evidentiary hearings are not required as a matter of course; instead, the Court only needs to conduct a hearing "when the allegations and moving papers are sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion." *United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004). The burden is on the party requesting the hearing to show that there are disputed issues of material fact that require an evidentiary hearing. *United States v. Greer*, 2004 U.S. Dist. LEXIS 20253, *3-5 (S.D. Ind. 2004) (citing *United States v. Rollins*, 862 F.2d 1282, 1291 (7th Cir. 1988)). The moving party cannot rely on vague, conclusory allegations. *United States v. Owens*, 2002 U.S. Dist. LEXIS 21979, *5-6 (S.D. Ind. May 3, 2002) (citing *United States v. Randel*, 966 F.2d 1209, 1212 (7th Cir. 1992)). The foregoing principles are routinely cited by the Government to oppose defense requests for hearing, so the standard is well known to it.

The Court denies the Government's belated request for a hearing. As detailed in the standard of review, a motion to reconsider is not the time for a party to raise issues or arguments it could have addressed in the underlying motion. Mr. Uribe did not assert any disputed facts in the underlying briefing, [dkt. 41 at 1], and the Government failed to raise or support any disputed contentions in response.[2] Having failed to carry its burden, the Government now seeks a hearing to shore up its previously unsupported assertions. That time has passed. The Court denies the

---

[2] To the extent the Government argued that Deputy Simmons stopped Mr. Uribe because he "knew from his training and extensive experience that stolen cars are oftentimes painted different colors in an attempt to evade detection," [dkt. 40 at 1-2], the Court concluded in its Order granting the motion to suppress that there is no evidence in Deputy Simmons' report supporting this assertion, and the Government did not file a supporting affidavit in response to Mr. Uribe's motion.

Government's impermissible request for a do-over, particularly given the undisputed facts in the record.

### B. Case Law Cited by the Government

The Government's response to Mr. Uribe's Motion to Suppress primarily argued that Mr. Uribe lacked standing to challenge his seizure. [Dkt. 40 at 5-6.] The Court rejected this argument, and the Government does not challenge that conclusion. The Government also argued that Deputy Simmons either had probable cause or reasonable suspicion to stop Mr. Uribe's vehicle because of the color discrepancy. The Government cited no case law about probable cause or reasonable suspicion concerning vehicle color mismatches and did not address the case Mr. Uribe cited to support his position on the issue.

On reconsideration, the Government now cites three cases it claims support its contention that the traffic stop was lawful because the color of Mr. Uribe's vehicle did not match the color reported on the registration inquiry.[3] *See United States v. Cooper*, 2011 WL 2463068 (6th Cir. 2011); *United States v. Caro*, 248 F.3d 1240, 1246 (10th Cir. 2001); *Smith v. State*, 713 N.E.2d 338 (Ind. Ct. App. 1999). These opinions were all available when the Government responded to Mr. Uribe's motion; however, the Government either did not find or chose not to present these cases in response to the issue clearly raised by Mr. Uribe's motion. Either way, a motion to reconsider should not be viewed as a second opportunity for the losing party to make its strongest case or to dress up arguments that previously failed. *Helman*, 2008 U.S. Dist LEXIS 48318 at *4.

---

[3] Two of these cases are cited for the first time in the Government's reply brief. Arguments raised for the first time in a reply brief are waived. *United States v. Foster*, 652 F.3d 776 n.5 (7th Cir. 2001) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court.").

Moreover, the cases the Government cites for the first time on reconsideration are distinguishable from the undisputed facts supported by the record. First, and perhaps most importantly, none of the cited decisions were issued after a motion to reconsider, where the Court's standard of review is less favorable to the moving party. Second, it is undisputed that Deputy Simmons stopped Mr. Uribe based on the color mismatch to "check for registration compliance." [Dkt. 37-1 at 1.] Unlike *Caro*, there is no evidence that Mr. Uribe committed a traffic violation before the stop. 248 F.3d at 1244 ("Mr. Caro has not challenged Trooper Avery's initial stop of the Honda for a window tint violation."). Likewise, there is no evidence that in addition to the color mismatch, Mr. Uribe was driving in a high-crime area, *Cooper*, 2011 WL 2463068, or that his car was recognized as being "involved in gang activity" as part of an "ongoing criminal investigation[,]" *Smith*, 713 N.E.2d at 341 n.3.[4] Finally, a suppression hearing was held in each of the cited cases because disputed material facts were timely raised before those courts. As detailed above, however, the Government neither requested a hearing nor provided evidentiary support for allegedly disputed issues of material fact in response to Mr. Uribe's motion. Again, a motion to reconsider is not a do-over where a party can make what it believes to be its strongest argument after seeing the Court's ruling. For these reasons, the Court declines to further address the cases cited by the Government for the first time on reconsideration,[5] and the Government's Motion to Reconsider is denied.

---

[4] In addition to the facts being distinguishable, *Smith* did not acknowledge that a registrant in Indiana is not required to register the color of the car or update the color if it changes. Therefore, *Smith* does not address a salient point on which this Court relied for its conclusion.

[5] The Court declines to take judicial notice of Form 48099, as the Government requests for the first time in its reply brief. [Dkt. 51 at 1 n.1.] The Government did not attach this form to its reply, and the Court was unable to locate it within the tight time constraints it had to rule on this motion.

## IV.
### CONCLUSION

Courts in this district are busy and the legitimate expectation is that parties will present their best arguments for the Court's initial—and often only—review of a motion. When they don't, the arguments are waived. None of the bases for reconsideration set forth in the applicable precedent exist here, and in any event, the Court maintains the propriety of its previous ruling. Therefore, the Court **DENIES** the Government's Motion to Reconsider the Court's Ruling Granting Defendant's Motion to Suppress. [Dkt. 43.]

10/25/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
Barry.Glickman@usdoj.gov

Michael J. Donahoe
INDIANA FEDERAL COMMUNITY DEFENDERS, INC.
Mike.Donahoe@fd.org